IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Charlotte Kruse individually and as Special Administrator on behalf of the Estate of Henry Kruse deceased,<br><br>Plaintiff,<br><br>v.<br><br>Anaconda Wire and Cable,<br>CBS Corporation,<br>Cablec Corporation,<br>Durabla Inc.,<br>General Electric Company,<br>Georgia Pacific Corporation,<br>Gibson Homans<br>Okonite Company,<br>Owens Illinois Inc,<br>Rapid American Corporation,<br>Rockbestos-Surprenant Cable Corporation,<br>Rockwool Ltd.,<br>Thermo Electric Company<br>Union Carbide<br>Uniroyal Goodrich<br><br>Defendants. | CASE NO.<br><br>COMPLAINT<br><br>FILED: MAY 22, 2008<br>08CV2975                AEE<br>JUDGE NORDBERG<br>MAGISTRATE JUDGE MASON |

## COMPLAINT

Plaintiff Charlotte Kruse, individually and as Special Administrator of the Estate of Henry Kruse (hereinafter "Decedent"), by and through her attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., complains of the defendants as follows:

## JURISDICTION

1. Decedent Henry Kruse was an adult citizen of Indiana when he died.

2. Plaintiff Charlotte Kruse, decedent's widow now, resides in Greencastle, Indiana .

3. Decedent, during his lifetime, was exposed to airborne asbestos fibers in State of Illinois as an electrician..

4. On a regular and frequent basis, decedent was around, used or worked with, or was in the proximity of others who used or worked with asbestos-containing products and asbestos-insulated equipment at various job sites. See Exhibit A.

5. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, selling, and installing or removing asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

6. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

7. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

8. Venue is proper pursuant to Title 28, United States Code, §1391 since a majority o exposures took place in the Northern District of Illinois.

**GENERAL ALLEGATIONS**

9. Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos

          products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by these defendants.

10. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

11. Decedent became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

12. As a direct and proximate result of the conduct of defendants, decedent developed and was diagnosed as having Lung Cancer on June 1, 2006. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

13. Decedent died of lung cancer as a result of exposure to asbestos on September 14, 2006.

14. Plaintiff Charlotte Kruse brings this case on her own behalf and on behalf of decedent's next-of-kin, having been appointed Special Administrator of the Estate of Henry Kruse.

15. Decedent left surviving his wife Charlotte Kruse, who is his next-of-kin and has suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent.

16. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

17. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

18. It was reasonably foreseeable by defendants that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products.

19. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

20. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that Decedent did not know that asbestos products were dangerous or harmful.

21. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

    f.    Failed to protect decedent from exposures to asbestos.

22. As a direct and proximate result of the acts and omissions of the defendants above, Decedent was injured as described above.

## WRONGFUL DEATH

23. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 22 above.

24. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a. Judgement against defendants, jointly and severally, for compensatory and general damages including wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated this 20th day of May, 2008.

_____s/ Michael P. Cascino_____
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

# Exhibit A
## Defendants' Incorporation States and Principal States of Business

| Defendant | State Of Incorporation | Primary State Of Business |
|---|---|---|
| Anaconda Wire and Cable | Pennsylvania | Pennsylvania |
| CBS Corporation | Delaware | Connecticut |
| Cablec Corp | Pennsylvania | Pennsylvania |
| Durabla Inc. | New York | New Jersey |
| General Electric Company | New York | Connecticut |
| Georgia Pacific Corporation | Georgia | Georgia |
| Gibsdon Homans | Iowa | Florida |
| Okonite Company | New Jersey | New Jersey |
| Owens Illinois Inc. | Ohio | Delaware |
| Rapid American Corporation | Delaware | New York |
| Rockbestos- Surprenant Cable Corporation | Delaware | Connecticut |
| Rockwool Ltd | North Corolina | North Corolina |
| Thermo Electric Company | New Jersey | New Jersey |
| Union Carbide | New York | Texas |
| Uniroyal Goodrich | Delaware | New York |

Henry Kruse Work History                **Exhibit B**

| Many schools and hospitals including | Site City | Site State | Years |
|---|---|---|---|
| Evanston Township High School | Evanston | IL | 1950-1976 |
| Rush North Medical Center | Skokie | IL | 1950-1976 |
| University of Illinois Medical Center | Chicago | IL | 1950-1976 |
| | | | |
| **Many office buildings including** | | | |
| Joliet Correction Center | Joliet | IL | 1950-1976 |
| Merchandise Mart | Chicago | IL | 1950-1976 |
| Metropolitan Sanitary District of Chicago | Cicero | IL | 1950-1976 |
| | | | |
| **U.S.Navy** | | | 1950-1955 |

```
RUN ON: 08/23/07-0926          HENDRICKS REGIONAL HEALTH                PAGE 1
                                   DANVILLE, INDIANA
                                  TEL: (317) 745-3430
                               CYTOPATHOLOGY CONSULTATION
```

SPECIMEN #:                06:E000205

NAME:                      KRUSE,HENRY JOSEPH SR ***E***
DOB*AGE/SEX*STATUS:        03/24/30 * 77/M        *    DIS INx
HOSPITAL NUMBER:           235711
ACCOUNT NUMBER:            26168161
DATE SUBMITTED:            09/04/06

### INFORMATION

PHYSICIAN:   HUNT / WALTON,O. / JONES,T.H.
LOCATION:    2012-W
SOURCE:      LEFT PLEURAL FLUID

### CLINICAL INFORMATION

The specimen is received as "pleural fluid, left" with a provisional diagnosis of "pleural effusion". The patient has a history of poorly differentiated non-small cell carcinoma of the left upper lung lobe metastatic to the vertebral body of L5 (06FN123; 06FN109). The specimen consists of 1,100 ml of red watery fluid from which cytocentrifugates and a cell block are prepared.

### DIAGNOSIS

Pleural fluid, left, cytology with cell block:
    Malignant cells with features of non-small cell carcinoma (clinical
       primary, left lung; 06FN123).

88108; 88305

### COMMENT

Cytologic examination reveals relatively rare malignant epithelial cells, occasionally in clusters, characterized by high nuclear to cytoplasmic ratios, occasional cell gigantism, increased nuclear chromatia, and occasional nuclear moulding. There is absence of cytoplasmic keratinization, cytoplasmic vacuolation, or acinus formation. The neoplastic cells are cytologically compatible with those in prior fine needle aspirates from the left upper lung lobe and L5 vertebral body (06FN123; 06FN109).

Histologic examination of the cell block recapitulates the cytologic findings.

Signed _____          ROBERT P. HOOKER, MD 09/06/06