**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ------------------------------------------------------<br>IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI)<br>------------------------------------------------------<br>This Document Relates To:<br><br>CHARLOTTE KRUSE, Individually and as<br>Special Administrator on behalf of the Estate<br>of Henry Kruse, deceased,<br><br>            Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC, CO., *et al.*,<br><br>            Defendants.<br><br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF ILLINOIS<br><br>CIVIL ACTION NO. 08-CV-2975<br>------------------------------------------------------ | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. MDL 875<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF FILING

   PLEASE TAKE NOTICE that on June 23, 2008, the undersigned caused to be filed electronically with the Clerk for the United States District Court for the Northern District of Illinois, Owens-Illinois, Inc.'s Short Form Answer, Affirmative and Other Defenses to Plaintiff's Complaint.

                     By: /s/ Matthew J. Fischer
                        Matthew J. Fischer
                        Attorney for Defendant Owens-Illinois, Inc.

SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ------------------------------------------------------ : <br> IN RE: ASBESTOS PRODUCTS : <br> LIABILITY LITIGATION (NO. VI) : <br> ------------------------------------------------------ : <br> This Document Relates To: : <br> : <br> CHARLOTTE KRUSE, Individually and as : <br> Special Administrator on behalf of the Estate : <br> of Henry Kruse, deceased, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GENERAL ELECTRIC, CO., *et al.*, : <br> : <br> Defendants. : <br> : <br> UNITED STATES DISTRICT COURT : <br> NORTHERN DISTRICT OF ILLINOIS : <br> : <br> CIVIL ACTION NO. 08-CV-2975 : <br> ------------------------------------------------------ : | CIVIL ACTION NO. MDL 875 |

**OWENS-ILLINOIS, INC.'S SHORT FORM ANSWER, AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

In accordance with the order, as amended, entered by the Honorable Charles R. Weiner on August 20, 1986, In Re: Asbestos Litigation, Misc. Docket No. 86-0457 (E.D. Pa.), this document serves as Owens-Illinois, Inc.'s Appearance and Answer to Plaintiff's Complaint, and all allegations contained in or incorporated in Plaintiff's Complaint are deemed denied. This also serves to incorporate by reference the Asbestos Defendants' Master Affirmative Defenses including any amendments and supplements thereto.

-2-

Additionally, the following Affirmative and Other Defenses are asserted on behalf of Owens-Illinois, Inc.:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred by the applicable statute of repose or statute of limitations.

3. The injuries allegedly sustained by Plaintiff's decedent, if any, were proximately caused by his free and voluntary acts of knowingly and voluntarily placing himself in a position of danger and thus assuming the risks ordinarily incident to such acts.

4. The negligent acts or omissions of Plaintiff's decedent were the sole proximate cause or a proximate contributing cause of the injuries and damages of which Plaintiff complains.

5. Plaintiff's decedent own negligent conduct was more than 50 percent responsible for his alleged injuries, and therefore Plaintiff is not entitled to recovery against this Defendant.

6. Plaintiff alleges that damages were negligently caused in whole or in part by persons, firms, corporations, or entities other than those parties before this Court, and such negligence either bars or comparatively reduces any possible recovery by Plaintiff.

7. The sole proximate cause of Plaintiff's decedent's alleged injuries was the acts or omissions of persons, corporations or entities other than this Defendant.

8. If Plaintiff's decedent suffered damages as a result of the allegations set forth in the Complaint, then those damages were the result of intervening or superseding acts or omissions of persons other than Defendant.

9. If any of Plaintiff's allegations with respect to the defective condition of asbestos or asbestos products are proven, then Plaintiff is barred from any recovery due to the fact that at all relevant times there was no known substitute for asbestos or asbestos products.

10. The state of the medical and scientific knowledge at all relevant times was such that Defendant neither knew nor could have known that its asbestos-containing insulation products presented a foreseeable risk of harm to any person in the normal and expected use of those products.

11. If Plaintiff's decedent sustained injuries as a result of exposure to any product manufactured by Defendant, the degree of such damage attributable to Defendant's products is negligible and hence, de minimis.

12. Defendant is not liable for any damages alleged to have resulted from exposure to any of its products which were manufactured pursuant to government specifications.

13. If Plaintiff's decedent suffered injuries as a proximate result of a condition of Defendant's products, any of Defendant's products would have been supplied to an employer of Plaintiff's decedent. Such employer was a knowledgeable and sophisticated user of said products, and thus Defendant had no further legal duty to warn or instruct Plaintiff's decedent.

14. If Plaintiff's decedent smoked tobacco products, then any damages awarded should be reduced in whole or in part by the amount of damages caused by smoking.

15. Punitive damages are not recoverable against Defendant in that punitive damages can be recovered only once against Defendant for the same conduct and thereafter all other claims or attempts at recovery of punitive damages are unconstitutional.

16. Plaintiff's claims are barred under the Illinois Workers' Compensation Act, the Illinois Workers' Occupational Disease Act and/or similar provisions.

-4-

17.     In the event that there has been a prior release executed by Plaintiff or Plaintiff's decedent in favor of Owens-Illinois as part of a settlement of a prior action brought by Plaintiff against Owens-Illinois, said release bars Plaintiff's claims against this Defendant.

18.     In the event that Plaintiff or Plaintiff's decedent has previously accepted valuable consideration from Owens-Illinois because of current or prior claims against Owens-Illinois, Plaintiff's claims against Owens-Illinois are barred by the doctrine of accord and satisfaction.

19.     Plaintiff has failed to identify any products connected to this Defendant which allegedly resulted in the damage to the Plaintiff's decedent.

20.     Venue is improper in this Court and this action should be dismissed based on forum non conveniens.

21.     Defendant adopts and asserts any defenses raised or asserted by other defendants to this action.

22.     Defendant reserves the right to assert any additional defenses which it may learn through discovery.

-5-

**WHEREFORE**, Defendant Owens-Illinois, Inc. denies that the Plaintiff is entitled to judgment, jointly and severally, for compensatory and general damages and further requests that the Plaintiff's claims be dismissed with prejudice and any other relief this Honorable Court deems just.

Dated: June 23, 2008

                              Respectfully submitted,

                              OWENS-ILLINOIS, INC.

                              By: /s/ Matthew J. Fischer
                                  Matthew J. Fischer
                                  Attorney for Defendant Owens-Illinois, Inc.

SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600

-6-

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 23, 2008, he electronically filed the foregoing Short Form Answer, Affirmative and Other Defenses to Plaintiff's Complaint with the Clerk for the United States District Court for the Northern District of Illinois by using the CM/ECF system which will send notification of such filing to each registered party upon the filing of the electronic document, including:

>    Michael P. Cascino
>    Cascino Vaughan Law Offices, Ltd.
>    220 South Ashland Avenue
>    Chicago, IL 60607

Dated: June 23, 2008

                                    By: /s/ Matthew J. Fischer
                                        Matthew J. Fischer
                                        Attorney for Defendant Owens-Illinois, Inc.

SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600